STATE of Missouri, Respondent,

v.

Joseph STAPLES, Appellant.

Joseph STAPLES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 63334, 67039.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 24, 1995.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Joseph Staples, appeals from his judgments of conviction, following a jury trial, for two counts of forcible rape and one count of forcible sodomy. He was sentenced, as a prior and persistent offender, to three consecutive twenty-year terms of imprisonment. Defendant also appeals the denial of his Rule 29.15 motion following an evidentiary hearing. We affirm.

On November 7, 1991, defendant arrived at victim's house and asked her if she wanted to go with him to look for his nephew, who was victim's boyfriend. Victim was sixteen years old. Instead of actually searching for victim's boyfriend, defendant and victim drove around. Defendant purchased some beer and two marijuana cigarettes. Defendant and victim both smoked the marijuana. Eventually, defendant drove victim to an isolated location and parked.

Defendant told victim that she "owed him something for the joints." He told her to take off her clothes. When victim refused, defendant took victim by the neck and hair. He told her that if she did not do what he wanted, she would not make it home alive. Defendant raped her, then sodomized her, and then raped her again. Victim testified

that she complied with defendant's demands and did not attempt to escape or fight him because she was scared.

In his second point on appeal, defendant claims the trial court erred when it gave the verdict directing instructions for the two counts of forcible rape because the instructions failed to specify the time of day or night of the rapes, or identify the separate rapes by other references. Defendant contends he was prejudiced by the submission of similarly worded instructions for the two rape counts because it negated the jury's ability to consider each charge independently.

Over defendant's objection, the trial court gave Instruction Nos. 6 and 10. Instruction No. 6 read as follows:

### INSTRUCTION NO. 6

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 7, 1991, in the County of St. Charles, State of Missouri, the defendant had sexual intercourse with [victim], and

Second, that defendant did so without the consent of [victim] by the use of forcible compulsion, [sic]

then you will find the defendant guilty under Count I of forcible rape.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Consent or lack of consent may be expressed or implied. Assent does not constitute consent if it is induced by force or duress. "Forcible compulsion" means physical force that overcomes reasonable resistance or a threat, express or implied, that places a person in reasonable fear of death or serious physical injury of herself.

Instruction No. 10 was identical to Instruction No. 6, except that it replaced the words "Count I" with "Count III".

When a defendant is charged with more than one rape of the same victim on the same day, MAI–CR3d 320.02.1B, Notes On Use 2, instructs that "paragraph First of the in-struction should submit the 'time of day or night'". "If it is impossible to fix the occasion of the offense by time or date, the instruction should be modified to identify the occurrence by some other reference." *Id.*

"Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). The failure to give an instruction or verdict form as provided by the applicable Notes on Use is error, the prejudicial effect of which is to be judicially determined. Rule 28.02(f).

While it may have been error for the trial court to give the two verdict directing instructions without a time reference or other identifying reference, we can discern no prejudice to defendant. The jury was also instructed that the defendant was charged with a separate offense in each of the submitted counts and was directed to consider each count separately, returning a separate verdict for each count. Jurors are presumed to follow the instructions given to them at trial. *State v. Cody,* 801 S.W.2d 430, 432 (Mo.App.1990).

In *Cody,* the defendant was charged with two counts of rape and two counts of sodomy. *Id.* at 431. The crimes involved one victim and occurred in sequence, over a short period of time, in the same location and under almost identical circumstances. *Id.* at 432, 433. The verdict directing instructions for each of the rape counts were identical, except for the count numbers, as were the instructions for each of the sodomy counts. *Id.* at 432. Although this court concluded that it may have been error to fail to identify each occurrence by some reference, we held that error was not prejudicial because the defendant's defense did not depend upon surrounding facts and circumstances which differed greatly from count to count, but upon the credibility of the victim. *Id.* at 433.

Here, as in *Cody,* the rapes involved one victim and occurred in sequence, over a brief period of time. Both rapes took place in the car as it was parked in the same isolated parking lot, and the circumstances of each rape were almost identical. Like *Cody,* the

necessary proof of each charge came from one source, the testimony of the victim. Defendant's defense did not depend upon surrounding facts and circumstances which differed greatly from count to count; his defense was simply that victim consented. Victim's testimony was simple and direct. Defendant put on no evidence; the jury had to believe either all the crimes occurred, or none of them. Defendant was not prejudiced by the lack of time or other identifying references. Defendant's second point is denied.

We have reviewed defendant's remaining points on his direct appeal. No jurisprudential purpose would be served by a written opinion on these points. Points one and three are denied. Rule 30.25(b).

Defendant's final point concerns his Rule 29.15 motion. We have carefully reviewed the record. The trial court's judgment is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion on this point would have no precedential value. Defendant's point of error relative to his Rule 29.15 motion is denied. Rule 84.16(b).

Defendant's judgments of conviction are affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

CRAHAN, P.J., and DOWD, J., concur.